UNITED STATES of America, Plaintiff–Appellee,

v.

Ezequiel Benjamin SOLIS–FLORES, aka Benjamin F. Solis, aka Benjamin Solis–Flores, Defendant–Appellant.

No. 13–10356.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 24, 2014.

Josh Alan Cummins Ackerman, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

George Herman Soltero, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

---

**MEMORANDUM** **

Ezequiel Benjamin Solis–Flores appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction to review under 28 U.S.C. § 1291, and we affirm.

Solis–Flores argues that he was entitled to an additional one-point reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, even though he did not waive his appellate rights. The district court, however, already awarded the additional one-point reduction.

Solis–Flores also contends that the district court erred in applying a 16–level enhancement for a prior conviction of a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Although Solis–Flores conceded that the underlying conviction was a felony on its face, he now asserts that the facts supporting the conviction do not satisfy the requirements for the felony portion of the state statute. Wash. Rev.Code § 9A.46.020(2)(b). This amounts to a collateral attack on his prior conviction that may not be maintained at sentencing. *United States v. Burrows*, 36 F.3d 875, 884–85 (9th Cir.1994). The district court did not err in imposing the 16–level enhancement.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.